UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIM L. VICTOR,

    *Plaintiff*,                                     CASE NO: 11-CV-10958

v.                                             DISTRICT JUDGE THOMAS L. LUDINGTON
                                                MAGISTRATE JUDGE CHARLES E. BINDER

STATE OF MICHIGAN,

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief can be granted.

**II.    REPORT**

    **A.    Introduction**

On March 10, 2011, Plaintiff Kim L. Victor, a citizen of Madison, Ohio, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. 28 U.S.C. § 1915(a)(1). The case was referred to the undersigned Magistrate Judge for pretrial proceedings. After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

**B.      Screening Procedure & Governing Law**

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

The Sixth Circuit has "held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal." *Cantley v. Armstrong*, No. 09-1092, 2010 WL 3245548, at * 1 (6th Cir. Aug. 17, 2010) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)). *See also Shorter v. Campbell*, 59 Fed. App'x 673, 675 (6th Cir. 2003) ("As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal."); *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). This rule is strictly followed in this district. *See Ashley v. Wilson*, No. 10-10512, 2010 WL 1246525, at *1 (E.D. Mich. March 25, 2010); *Corrion v. Ludwick*, No. 09-11531, 2009 WL 3273737, at *1 (E.D. Mich. Oct. 13, 2009); *McGore v. Lutz*, No. 09-13031, 2009 WL 2959874, at *1 (E.D. Mich. Sept. 11, 2009). Furthermore, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his objections to a report and recommendation. *Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008).

**C.    Plaintiff's Claims**

Plaintiff Kim L. Victor states that he pleaded guilty in 2008 to one count of kidnapping/custodial interference, Mich. Comp. Laws § 750.350a(1), before Circuit Judge Michael

3

J. Baumgartner of the 34th Circuit Court for Roscommon County, Michigan. (Compl. ¶¶ 5,16-17.) He subsequently filed a motion to withdraw his plea, which was denied. (*Id*. ¶ 20.) His appeals to the Michigan Court of Appeals and the Michigan Supreme Court were also denied. (*Id*. ¶¶ 21-23.)

Plaintiff claims that his appointed counsel was ineffective and incompetent in violation of Plaintiff's Sixth Amendment right under the U.S. Constitution; that the prosecution withheld exculpatory evidence in violation of his Fourteenth Amendment right to due process; that the judge and prosecutor were biased and failed to recuse themselves in violation of Plaintiff's Fourteenth Amendment right; that the county magistrate "conspired with public officials and relatives of the [Plaintiff] to falsely arrest, engage in deceitful conduct, and initiate a malicious prosecution; that excessive bail was set in violation of his Eighth Amendment rights; and that his appellate counsel was ineffective and incompetent in violation of his Sixth Amendment rights. (*Id*. ¶¶ 6-25.)

The sole defendant named in the case is the "People of the State of Michigan." (*Id*. at 1.) As relief, Plaintiff asks this Court to vacate his conviction, order that he "be allowed to withdraw his plea," and "remand" the case for a jury trial in a different "trial court of a different venue" due to the bias of the Roscommon County prosecutor and judge. (*Id*. at 12.)

**D.     Discussion**

I suggest that the case be *sua sponte* dismissed for failure to state a claim upon which relief can be granted under section 1983 because Plaintiff is asking this Court to reverse his criminal conviction, and therefore his claim is properly brought as one under the habeas corpus statute, 28 U.S.C. § 2254, not under the civil rights statute. *See Nelson v. Campbell*, 541 U.S. 637, 643, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004) (when a plaintiff challenges the "fact of his conviction,"

4

section "1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements . . . .").

When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should be dismissed, not "converted into" or "construed as" a habeas corpus suit and decided on the merits because such a construction "raises significant practical problems." *Murphy v. Martin*, 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004). *See also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Finally, to the extent that the complaint could be construed to raise a claim under section 1983, I suggest that it fails to state a claim upon which relief could be granted because it is brought against a defendant that is immune from suit. Plaintiff has named the State of Michigan as the sole defendant. Regardless of the form of relief requested, the states and their departments are incapable of being sued because they are immune from suit in the federal courts under the Eleventh Amendment if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *see Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), and the State of Michigan has

not consented to civil rights suits in federal court. *See Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, I suggest that the complaint fails to state a claim because the Defendant State of Michigan is immune under the Eleventh Amendment.

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                         s/ Charles E Binder
                                         CHARLES E. BINDER
Dated: March 28, 2011                    United States Magistrate Judge

## **CERTIFICATION**

  I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Mr. Kim Victor at 6424 N. Ridge Rd., Madison, OH, 44057-2550; and served on District Judge Ludington in the traditional manner.

Date:  March 28, 2011        By  *s/Jean L. Broucek*
                Case Manager to Magistrate Judge Binder