UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIM L. VICTOR,

        Plaintiff,

v.

        Case Number 11-10958-BC
        Honorable Thomas L. Ludington

PEOPLE OF THE STATE OF MICHIGAN,

        Defendants.
_____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART JUDGE BINDER'S REPORT AND RECOMMENDATION, OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS, AND DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

Plaintiff Kim L. Victor filed a pro se civil rights complaint against Defendant "People of the State of Michigan" on February 22, 2011, alleging that he was prosecuted and convicted of kidnaping in Roscommon County, Michigan in violation of several constitutional provisions. The case was referred to Magistrate Judge Charles E. Binder on March 17, 2011 for pretrial case management. On March 28, 2011, Judge Binder issued a report recommending that the Court dismiss the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) [Dkt. # 6]. Judge Binder concluded that Plaintiff's complaint should be dismissed because he is seeking reversal of his conviction, and therefore the appropriate avenue of relief is a habeas petition under 28 U.S.C. § 2254 and not a civil rights claim under 42 U.S.C. § 1983. Judge Binder also concluded that the only Defendant named in the complaint's heading, "People of the State of Michigan," is actually the State of Michigan and entitled to sovereign immunity.

Plaintiff filed an objection to Judge Binder's report and recommendation on April 11, 2011.[1]

---

[1] An additional copy of the same objection was docketed by the clerk's office on April 13.

Plaintiff contends that he was not incarcerated when he filed the complaint, and therefore Judge Binder's conclusion that he should have filed a § 2254 petitioner is inapplicable. He also objects to Judge Binder's conclusion that the State of Michigan is entitled to sovereign immunity, emphasizing that he is not seeking monetary relief. Finally, he contends that Judge Binder held his complaint to unreasonably high standards given his status as a pro se plaintiff.

The district court will make a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). A party must file specific objections to the report or the party's right to further review will be waived. *Id.* Moreover, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (citations omitted).

Beginning with Plaintiff's first objection, he correctly emphasizes that in *Nelson v. Campbell*, the case on which Judge Binder relied in concluding Plaintiff's claims should have been brought under § 2254, the Supreme Court held that a prisoner cannot rely on § 1983 to challenge the fact or validity of his conviction or sentence. 541 U.S. 637, 643–44 (2004). Plaintiff is not a prisoner.[2] Moreover, after reviewing Plaintiff's complaint and his objections, it is unclear what type of relief he is seeking. In his claim for relief he asks this Court to vacate his conviction and sentence, but in the body of the complaint he appears to be challenging the process that led to his conviction and sentence and seeking monetary relief. He raises claims for false arrest, malicious prosecution, denial of effective assistance of counsel, and excessive bail. Subject to certain

---

[2] Because Plaintiff is not "in custody" he is not eligible to file a § 2254 petition.

restrictions, such claims can be brought in a § 1983 action regardless of whether the conviction still stands. *See Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 601–05 (6th Cir. 2007).

In *Powers*, an Ohio man pleaded no contest to misdemeanor reckless driving and was sentenced to thirty days in jail, twenty-seven days suspended, and a $250 fine. *Id.* at 597. Two months later he was arrested again for violating his probation by not paying the fine. *Id.* He again pleaded no contest and his original sentence of thirty days in jail was restored. *Id.* After he was released, he sued the state's public defender's office, which had represented him on both charges. Powers alleged that the defender's office violated his Fifth, Sixth, and Fourteenth Amendment rights by failing to seek an indigency hearing to determine his ability to pay the fine before allowing him to be incarcerated for not paying the fine. *Id.* at 598. After the district court granted summary judgment in favor of Powers, the public defender's office argued on appeal that the claim was barred by *Heck*. *Id.* at 599–600. The Sixth Circuit rejected the argument, however, recognizing an exception to the *Heck* doctrine where the plaintiff was precluded as a matter of law from challenging the underlying conviction in a habeas proceeding. *Id.* at 601–03. Because Powers was imprisoned for no more than thirty days, there was "no way that [he] could have obtained habeas review of his incarceration." *Id.* at 603. Therefore, his § 1983 claims, which challenged the conviction by implication, were not barred by *Heck*.

In this case, Plaintiff did not specifically allege in his complaint that he was barred as a matter of law from challenging his conviction in a habeas proceeding. It is clear from the record, however, that he cannot challenge it now because he is no longer in custody. Moreover, Plaintiff's complaint indicates that he did not exhaust his options for state appellate review until November 23,

2009—at which point he had been released from custody and this complaint had already been filed. As a result, it appears that there was "no way" for Plaintiff to file a habeas petition challenging his conviction, and his complaint is not barred by *Heck*. *Id.* Accordingly, Plaintiff's first objection will be sustained.

Plaintiff also objects to Judge Binder's conclusion that the only defendant named in the heading of Plaintiff's complaint is immune from suit under the Eleventh Amendment. Plaintiff's objection is predicated on the fact that he is not seeking monetary relief. Plaintiff correctly emphasizes that a suit seeking injunctive relief against a state official is not barred by the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123 (1908) (upholding injunction preventing the attorney general of Minnesota from enforcing an unconstitutional law regulating railroads). A suit against the state itself, however, is barred "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984). Judge Binder determined that this suit is barred by the Eleventh Amendment because the only Defendant named in the heading of Plaintiff's complaint is the State of Michigan, and suits against the State of Michigan are barred regardless of whether the plaintiff is seeking equitable relief, such as an injunction, or monetary relief. *See Missouri v. Fiske*, 290 U.S. 18, 27 (1933). Accordingly, Plaintiff's second objection will be overruled and all of his claims against the State of Michigan will be dismissed.

Finally, Plaintiff objects generally that Judge Binder's analysis holds him to an unreasonably high standard of precision given his status as a pro se Plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520 (1971). For example, although the State of Michigan is the only Defendant named in the heading of his complaint, Prosecutor Mark D. Jernigan and Attorney General Bill Schuette are referred to as Defendants in the body of the complaint. Pl.'s Compl. ¶¶ 2–3. Plaintiff's final

objection will also be overruled because no matter how liberally Plaintiff's complaint is construed, it simply does not state a claim for relief against any Defendant. *See* Fed. R. Civ. P. 12(b)(6).

Plaintiff correctly emphasizes that pro se complaints should be liberally construed, but *all* plaintiffs must still include a short and plain statement of the grounds for the Court's jurisdiction and a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). In order to meet that standard, plaintiffs must provide the opposing party with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twobley*, 550 U.S. 544, 555 (2007) (citation and quotations omitted). The plaintiff must also include sufficient factual allegations to "raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true . . . ." *Id.* at 555–56.

In this case, Plaintiff alleges that his defense counsel was ineffective in violation of the Sixth Amendment, and that the prosecution withheld exculpatory evidence in violation of the Fourteenth Amendment. He suggests that a state judge ordered Plaintiff held on a $25,000 bond in violation of the Eighth Amendment, and that the prosecutors and judges involved in the case were biased. He does not, however, include sufficient factual information to advance his right to relief above a speculative level. Moreover, he does not provide the Defendants with a short and plain statement of the facts on which his claims are based. Upon reading his complaint, it is clear that Plaintiff believes he was badly mistreated by state authorities, but his personal belief, with out supporting facts, is simply not enough to sustain a claim for violations of his civil rights under 42 U.S.C. § 1983. Therefore, no matter who Plaintiff intended to name as Defendants or how liberally the Court construes the complaint, it does not state a claim for relief and must be dismissed under 28 U.S.C.

§ 1915(e)(2)(B).[3]

Accordingly, it is **ORDERED** that Judge Binder's report and recommendation [Dkt. # 6] is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that Plaintiff's objections [Dkt. # 9, 11] are **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 18 U.S.C. § 1915(e)(2)(B).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 8, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Kim L. Victor, 6424 N. Ridge Rd., Madison, OH 44057 by first class U.S. mail on August 8, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

[3] Contrary to Plaintiff's suggestion in the objections, the Court is not required to provide him an opportunity to amend his complaint before dismissal. *See Shorter v. Campbell*, 59 F. App'x 673, 675 (6th Cir. 2003) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608, 612 (6th Cir. 1997)).