UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIM L. VICTOR,

        Plaintiff,

                                                              Case No. 11-10958-BC

v.                                                           Honorable Thomas L. Ludington

PEOPLE OF THE STATE OF MICHIGAN,

        Defendant.
_____ /

**ORDER CORRECTING PREVIOUS ORDER,
DENYING MOTION FOR RECONSIDERATION, AND
DENYING MOTION FOR LEAVE TO FILE AMENDED PLEADINGS**

      Plaintiff Kim L. Victor filed a pro se civil rights complaint against Defendant "People of the State of Michigan" on February 22, 2011, alleging that he was prosecuted and convicted of kidnapping in Roscommon County, Michigan, in violation of several constitutional provisions. ECF No. 1. Plaintiff's application to proceed without prepayment of fees was granted pursuant to the in forma pauperis statute, 28 U.S.C. § 1915(a)(1). ECF No. 4. The case was referred to Magistrate Judge Charles E. Binder for pretrial case management. ECF No. 3. On March 28, 2011, Judge Binder issued a report recommending that the Court dismiss the complaint sua sponte for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 6. Judge Binder concluded that Plaintiff's complaint should be dismissed because he is seeking reversal of his conviction, and therefore the appropriate avenue of relief is a habeas petition under 28 U.S.C. § 2254 and not a civil rights claim under 42 U.S.C. § 1983. Judge Binder also concluded that the only Defendant named in the complaint's heading, the "People of the State of Michigan," is

actually the State of Michigan and entitled to sovereign immunity under the Eleventh Amendment.

Plaintiff timely filed objections to Judge Binder's report and recommendation. ECF No. 8. Plaintiff contended that he was not incarcerated when he filed the complaint, and thus § 2254 is inapplicable. He also objected to Judge Binder's conclusion that the State of Michigan is entitled to sovereign immunity, emphasizing that he was not seeking monetary relief. Finally, he contended that Judge Binder held his complaint to unreasonably high standards given his status as a pro se plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), this Court made "de novo determination of those portions of the report . . . to which objection [was] made." *Victor v. People of Michigan*, No. 11–10958–BC, 2011 WL 3440094, at *1 (E.D. Mich. August 8, 2011) (quoting 28 U.S.C. § 636(b)(1)). While the Court agreed with Plaintiff's objection regarding the applicability of § 2254, the Court overruled Plaintiff's remaining objections, concluding that Plaintiff's suit against the State of Michigan was barred under the Eleventh Amendment "regardless of the nature of the relief sought." *Id*. at *2 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984)). The Court further held that "no matter who Plaintiff intended to name as Defendants or how liberally the Court construes the complaint, it does not state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)." *Id*. at *3.

In his motion for reconsideration (ECF No. 11), Plaintiff correctly observes that the final sentence of the Court's opinion and order incorrectly refers to 18 U.S.C. § 1915(e)(2)(B), rather than 28 U.S.C. § 1915(e)(2)(B). The final sentence of the opinion and order should have referenced 28 U.S.C. § 1915(e)(2)(B), as it did in the first and in the final full paragraph of the

opinion and order.  See *Victor*, 2011 WL 3440094, at *1, 3.  28 U.S.C. § 1915(e)(2)(B) states in pertinent part that in proceedings in forma pauperis "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The remainder of the motion for reconsideration, however, merely presents the same arguments previously ruled upon by the Court.  *See* E.D. Mich. LR 7.1(h)(3) ("Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.").  As the Court has explained, whether or not Plaintiff seeks monetary relief, his claim against the State of Michigan is barred by the Eleventh Amendment "regardless of the nature of the relief sought."  *Victor*, 2011 WL 3440094, at *2 (quoting *Pennhurst*, 465 U.S. at 100-02).  Likewise, recognizing that Plaintiff is proceeding pro se, "no matter who Plaintiff intended to name as Defendants or how liberally the Court construes the complaint, it does not state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)."  *Id*. at *3.  Not only has Plaintiff not "demonstrate[d] a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled," he has not shown how any of the arguments raised in the motion for reconsideration "will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).

Likewise, Plaintiff's motion for leave to file first amended pleadings neither identifies any Defendants, other than the "People of the State of Michigan," nor alleges any new, plausible causes of action. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although Plaintiff is correct that Rule 15 of the Federal Rules of Civil

Procedure requires a court to "freely give leave [to amend] when justice so requires," justice does not require leave be given if there is "futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) ("[B]ecause amendment would have been futile in any event, the district court's denial of [the plaintiff's] request for leave to amend was proper.").[1]  To reiterate, for the reasons stated above and in the Court's previous order of August 8, 2011, correcting "minor deficiencies" will not plausibly state a claim on which relief may be granted.  *See* Pl.'s Br. in Supp. of Mot. for Leave to File First Am. Pleadings 5, ECF 12 ("By amending the Plaintiff's complaint or pleadings to correct the minor deficiencies the result will be the court having a different disposition of the case.").

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

It is further **ORDERED** that Plaintiff's motion for leave to file first amended pleadings is **DENIED**.

It is further **ORDERED** that the scrivener's error in the last sentence of the Court's opinion and order dated August 8, 2011, is **CORRECTED** to read:

> It is further **ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

In all other respects, the Court's opinion and order dated August 8, 2011, remains unchanged and in full force and effect.

Dated: August 26, 2010

/s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[1] The Court notes in passing that Plaintiff has not attached the proposed amended pleading to the motion as required by Local Rule 15.1.  This oversight does not, however, affect the Court's disposition of this matter.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 26, 2011.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS